IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| COREY FERRELL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 21-1593-RGA |
| | : | |
| CITY OF WILMINGTON, et al., | : | |
| | : | |
| Defendants. | | |

**MEMORANDUM ORDER**

I referred a motion to dismiss (D.I. 11) to the Magistrate Judge, who heard argument and issued a report and recommendation (D.I. 22). Both sides object and respond to the other side's objections. (D.I. 23, 24, 26, 27). I review the portions of the report subject to the objections *de novo*. Since I write only for the parties, I presume familiarity with the Magistrate Judge's report and the underlying record.

Defendant City objects to the recommendation that I deny the motion to dismiss as to Counts I and II, both Title VII claims.

As to Count I (racial discrimination), I agree with the Magistrate Judge that it states a claim for disparate treatment resulting in a 45-day suspension. Like the Magistrate Judge, I think that it is plausible that an officer of a different rank can be a comparator for discipline purposes. Based on the similarity of charges (D.I. 10, ¶ 56), it is plausible that the Lieutenant's light discipline is a relevant comparison. Thus, I will deny the motion to dismiss Count I. A different theory in Count I is hostile work environment. I do not need to address it, but I do note that the verbal racism described in the Complaint is undated and, based on the context, appears to

involve events that occurred long ago, and, in particular, before November 23, 2017. The allegations about Captain Reese do not make out a claim of hostile work environment. And there is nothing else in the Complaint that provides a basis for a racially-based hostile work environment at the relevant time period (Nov. 23, 2017, to Aug. 1, 2021).

As to Count II (religious discrimination), Plaintiff makes out a more plausible case. He alleges "almost everyday" verbal "degrad[ation] and insult[s to his] religion," with specific comments during the relevant time period. (D.I. 10, ¶¶ 31, 36, 37). Plaintiff states he is the only Muslim in the Fire Department. (D.I. 13-1 at 8 of 9). His allegations of hostile work environment based on religion are plausible. In view of the "everyday" allegations, I cannot say that his claim is not continuing, and I cannot say that it is barred by the statute of limitations. Defendant's other objection is that the hostile work environment theory improperly expands upon the charges. While there is some basis for Defendant's argument, I am not persuaded by them. Plaintiff is not a lawyer. His charges are read generously. In the first charge, he alleged religious discrimination, and he described the adverse employment action as "harassment." The fact that he did not check the "continuing action" box[1] carries little weight. Thus, I will deny the motion to dismiss Count II.

Plaintiff objects to the recommendation that I grant the motion to dismiss Count IV, a section 1983 hostile work environment *Monell* claim. The Magistrate Judge recommended dismissal of the individual claims against the three individual defendants based on Plaintiff's concessions at oral argument. Keeping the three individual defendants in their "official capacity" is, at best, unnecessary. That leaves the City. The basis for the claim is that Chief Looney "created a policy of acquiescing to the race and religion discrimination by failing to investigate .

---

[1] I rather doubt the average layperson would be able to figure out what this box was designed to capture.

. . and refusing to discipline." (D.I. 10, ¶ 101). The Complaint does not say when he became Chief, and it does not provide any factual basis to believe that he had any involvement in any capacity with the harassment directed at Plaintiff. Perhaps Plaintiff can amend his complaint to make the requisite allegations.[2] Thus, I will dismiss Count IV with leave to amend.

Thus, this 3rd day of March 2023, IT IS HEREBY ORDERED THAT:

1. The objections (D.I. 23, 24) are **OVERRULED**.

2. The motion to dismiss (D.I. 11) is **GRANTED** in part and **DENIED** in part.

3. Counts III and IV are **DISMISSED**. Plaintiff is given leave to amend Count IV so long as Plaintiff files an amended pleading within three weeks of the date of this Memorandum Order.

/s/ Richard G. Andrews
United States District Judge

---

[2] I do not address Defendant's objection based on the two-year statute of limitations.